ORIGINAL

D ↔ F
C /~1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TR PETROLEUM, LLC,

           Plaintiff,

   -against-                      **MEMORANDUM AND ORDER**
                                        Case No. 07-CV-475 (FB) (ARL)
SUNOCO, INC. (R&M),

           Defendants.
-------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                               *For the Defendant:*
TIMOTHY G. GRIFFIN, ESQ.           A. CHRISTOPHER YOUNG, ESQ.
Law Office of Timothy G. Griffin     Pepper Hamilton LLP
77 Pondfield Road                          3000 Two Logan Square
Bronxville, NY 10708                    18th & Arch Streets
                                                      Philadelphia, PA 19103

                                                      STEPHANIE L. MERK, ESQ.
                                                      Pepper Hamilton LLP
                                                      301 Carnegie Center, Suite 400
                                                      Princeton, NJ 08543-5276

**BLOCK, Senior District Judge:**

I

        Plaintiff, TR Petroleum, LLC ("TR"), operates a gas station at 160 New York Avenue, in Huntington, New York; it leases the premises from defendant, Sunoco, Inc. (R&M) ("Sunoco"). TR sued Sunoco, seeking a declaratory judgment that Sunoco terminated or failed to renew its Dealer Franchise Agreement ("DFA") in violation of the federal Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801-41.

By order to show cause, TR also applied for a preliminary injunction barring Sunoco from terminating or not renewing the DFA, and from evicting TR from the premises or otherwise interfering with its business during the pendency of the action. At a hearing on the order to show cause, the Court stated that it was inclined to grant TR's application; however, based on the parties' representations that they were attempting to settle their dispute by transferring TR's franchise to a third party, it deferred issuing a written order. Subsequently, upon Sunoco's representation that TR continued to engage in conduct justifying termination of the DFA – including nonpayment of rent – the Court referred TR's preliminary injunction application to Magistrate Judge Lindsay.

The magistrate judge repeatedly postponed the hearing on TR's application to allow the parties to continue their settlement negotiations. During those negotiations, Sunoco voluntarily extended the DFA, originally set to expire on March 31, 2007, several times; the most recent extension was set to expire on February 1, 2008. When Sunoco learned on January 31, 2008, that TR's planned sale of its business had fallen through, it moved, pursuant to Federal Rule of Civil Procedure 65, for a preliminary injunction requiring TR to cease using Sunoco's trademarks, trade names and trade dress, and to vacate the premises; like TR's application, Sunoco's application for a preliminary injunction was referred to Magistrate Judge Lindsay.

During a teleconference held on February 19, 2008, TR's counsel of record informed the magistrate judge that he had been discharged, and that new counsel had been retained. Magistrate Judge Lindsay gave TR until February 29th to respond to Sunoco's application; the deadline was later extended to March 10th, with a warning that failure to

comply would result in a recommendation that the application be granted as unopposed. The deadline passed without a response from TR.

On March 11, 2008, the magistrate judge, true to her word, issued a Report and Recommendation ("R&R") recommending that Sunoco's application be granted as unopposed. The R&R recited that "any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 10 days of service," and that "[f]ailure to file objections within this period waives the right to appeal the District Court's Order." R&R at 2 (citing, *inter alia*, 28 U.S.C. § 636(b)(1)). Copies of the R&R were served electronically on all counsel of record; in addition, a copy was sent by certified mail to TR's principal on March 12th. To date, no objections have been filed.

## II

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court need only determine "whether the magistrate judge committed plain error in ruling against the defaulting party," *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); however, "while [§ 636(b)(1)] does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). Since Sunoco seeks a drastic remedy, and since "Rule 65(b) does not place upon the [non-moving party] the burden of coming forward and presenting its case against a preliminary injunction," *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 442 (1974), the Court opts to review Sunoco's application *de novo*.

3

"A party seeking preliminary injunctive relief [against a private party] must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, *and* (2) a likelihood of irreparable harm if the requested relief is denied." *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 152-53 (2d Cir. 2007) (emphasis in original).[1] "The party seeking the injunction must show a 'clear' or 'substantial' likelihood of success where the injunction sought is mandatory – i.e., it will alter, rather than maintain, the status quo." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004).[2]

Sunoco has established a clear likelihood of success on the merits. Although the PMPA restricts a franchisor's ability to terminate a franchise agreement at will, it allows for the termination or non-renewal of an agreement upon a "failure by the franchisee to pay to the franchisor in a timely manner when due all sums to which the franchisor is legally entitled." 15 U.S.C. § 2802(c)(8). It is undisputed that TR failed to pay rent on

---

[1] Where a party seeks to enjoin "governmental action taken in the public interest pursuant to a statutory or regulatory scheme," the "fair ground for litigation" alternative is not available, and the moving party must "establish[], along with irreparable injury, a likelihood that he will succeed on the merits of his claim." *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 581 (2d Cir. 1989).

[2] A franchisee seeking to enjoin the termination or non-renewal of a franchise agreement under the PMPA is held to a less rigorous burden. *See Nassau Blvd. Shell Serv. Station, Inc. v. Shell Oil, Inc.*, 875 F.2d 359, 363 (2d Cir. 1989) ("A franchisee's burden of proof under [the PMPA] is less severe than is generally required under Rule 65[.]" (citation and internal quotation marks omitted)). It is not clear whether franchisors also enjoy this easier burden of proof; since Sunoco takes upon itself the usual burden under Rule 65, the Court need not address the issue.

several occasions. *See* Decl. of Stephanie Merk ("Merk Decl."), Ex. H (failure to pay April 2007 rent), Ex. I (failure to pay May 2007 rent). It is similarly undisputed that Sunoco furnished the requisite notice. *See* 15 U.S.C. § 2804(a) (requiring 90 days' notice of intent to terminate absent extraordinary circumstances).[3]

Sunoco has also clearly established irreparable harm. Without the DFA, TR is not authorized to occupy the premises or use the Sunoco name. Courts have recognized that unauthorized interference with both real and intellectual property constitutes irreparable harm as a matter of law. *See Pelfresne v. Village of Williams Bay*, 865 F.2d 877, 883 (7th Cir. 1989) ("As a general rule, interference with the enjoyment or possession of land is considered 'irreparable' since land is viewed as a unique commodity for which monetary compensation is an inadequate substitute."); *Sunward Elecs.*, 362 F.3d at 25 ("There is a compelling need for injunctive relief . . . when the case involves a former licensee because, after a licence is revoked, there is an increased danger that consumers will be confused and believe that the former licensee is still an authorized representative of the trademark holder.").

### III

Both the Court and Magistrate Judge Lindsay have afforded TR numerous opportunities to avoid the disruptions that inevitably attend the end of a business relationship; however, the time for judicial intervention has come. Accordingly, Sunoco's

---

[3]Since TR breached this most central duty of the franchise relationship, the Court need not address whether the other breaches proffered by Sunoco (such as TR's failure to comply with environmental reporting and recordkeeping requirements, and persistent fuel outages) constituted adequate cause for termination under that PMPA.

5

application for a preliminary injunction is granted as follows:

(1) TR and its agents, officers, employees and assigns are immediately restrained and enjoined from operating a Sunoco-branded service station at 160 New York Avenue, Huntington, New York 11742.

(2) TR and its agents, officers, employees and assigns shall immediately cease and desist the use and display of Sunoco trade names, trademarks and trade dress at the premises.

(3) TR and its agents, officers, employees and assigns shall immediately vacate the premises.

It follows, of course, that TR's application for a preliminary injunction is denied. In addition, TR shall, within 20 days of the date of this Memorandum and Order, advise the Court whether it intends to pursue its suit against Sunoco; failure to comply will result in dismissal of the complaint for failure to prosecute, without further notice.

**SO ORDERED.**

/SIGNED/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 25, 2008