FILED ORIGINAL
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 3 1 2008 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
TR PETROLEUM, LLC,

        Plaintiff,

-against-

SUNOCO, INC. (R&M),

        Defendants.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 07-CV-475 (FB) (ARL)

*Appearances:*
*For the Plaintiff:*
TIMOTHY G. GRIFFIN, ESQ.
Law Office of Timothy G. Griffin
77 Pondfield Road
Bronxville, NY 10708

*For the Defendant:*
A. CHRISTOPHER YOUNG, ESQ.
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

STEPHANIE L. MERK, ESQ.
Pepper Hamilton LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08543-5276

**BLOCK, Senior District Judge:**

At issue in this case is the validity of the termination of a Dealer Franchise Agreement ("DFA") between plaintiff, TR Petroleum, LLC ("TR"), and defendant, Sunoco, Inc. (R&M) ("Sunoco"). TR sought a declaratory judgment that Sunoco's termination of the DFA violated the federal Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801-41, and a preliminary injunction allowing it to continue to operate the franchise. After extensive settlement discussions proved unsuccessful, Sunoco sought a preliminary injunction barring TR from continuing to operate the franchise.

On March 31, 2008, the Court issued a memorandum and order ("M&O") granting Sunoco's request for a preliminary injunction and denying TR's. In addition, the M&O directed TR to inform the Court whether, in light of the injunction, it intended to pursue its declaratory judgment action; the M&O specifically warned that failure to respond would result in dismissal of the complaint without further notice. Because TR's counsel of record had previously represented that he had been discharged, the Court directed him to send a copy of the M&O to TR, in care of its principal, Ali Zurquanian, by certified mail.

As of July 3, 2008, no proof of service appeared on the docket; therefore, the Court sent Zurquanian a copy of the March 31st M&O by certified mail and extended the time to respond to July 27, 2008. To date, the Court has received no response.

When considering dismissal as a sanction for failure to prosecute, a district court must consider "whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). Here, however, those factors are inapposite; the question is not whether TR should be sanctioned for failing diligently to pursue its suit, but simply whether it intends to do so.

Based on TR's silence, the Court must conclude that it has abandoned its suit. Accordingly, its complaint is dismissed with prejudice. A copy of this M&O will be sent

2

directly to TR in care of Zurquanian.

**SO ORDERED.**

s/FB

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 29, 2008